<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FUZHOU RIRONG IMPORT & EXPORT CO., LTD.,** : | |
| : | **Civil Action No. 12-7221 (ES)** |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **MEMORANDUM OPINION** |
| **PROFILE LAMPS, INC. t/a** : | **& ORDER** |
| **PROFILE HOME,** : | |
| : | |
| **Defendant.** : | |

<u>**SALAS, DISTRICT JUDGE**</u>

This action comes before the Court on the motion of Plaintiff FUZHOU RIRONG IMPORT & EXPORT CO., LTD. ("Plaintiff") for default judgment pursuant to Fed. R. Civ. P. 55(b)(1), (D.E. No. 11), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. On November 21, 2012, Plaintiff commenced the instant civil action, stating claims against Defendant PROFILE LAMPS, INC. t/a PROFILE HOME ("Defendant") for: (1) breach of contract, specifically a letter dated July 6, 2009 ("Letter Agreement"), (2) goods sold and delivered, (3) and unjust enrichment. (D.E. No. 1).

2. On March 12, 2013, Plaintiff served Defendant with a copy of the Summons and Complaint as reflected on the docket sheet by the proof of service filed on March 21, 2013. (D.E. No. 3).

3. The time for answering the Complaint expired, and Defendant was not granted an

extension of time within which to answer and has failed to interpose an answer or otherwise respond to the Complaint.

4. On September 3, 2013, Plaintiff sent the Clerk of Court a letter requesting that default be entered against Defendant. (D.E. No. 7).

5. On September 3, 2013, the Clerk of Court entered default against Defendant. (D.E. No. 8).

6. On December 6, 2013, Plaintiff filed its motion seeking default judgment. (D.E. No. 11).

7. To date, Defendant has not opposed Plaintiff's motion for default judgment.

8. "Before granting a default judgment, the Court must determine: (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).

9. First, the Court finds that there is sufficient proof of service because Plaintiff personally served Defendant. (D.E. No. 3).

10. Second, the Court finds that Plaintiff stated sufficient causes of action. "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation and quotation marks omitted). For that reason, the Court finds that Plaintiff's allegations establish claims for breach of the Letter Agreement, goods sold and delivered, and unjust enrichment. (*See* D.E. No. 1).

11. Plaintiff's allegations further demonstrate that Plaintiff is entitled to the attorneys' fees and costs incurred as a result of having to enforce its interests.

12. Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). Here, the Court finds that: first, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available to Defendant. Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendant is culpable because Plaintiff served Defendant with notice of this action but Defendant has failed to participate properly.

13. Thus, the Court finds that the three elements of *Teamsters Health & Welfare Fund* are established here.

14. Plaintiff alleged contractual damages in the amount of $105,602.70. (D.E. No. 12-1 Declaration of Li Qiu Rong in Further Support ¶ 8).

15. In addition, Plaintiff seeks prejudgment interest from February 1, 2011 and post-judgment interest that became due since Plaintiff filed its motion.

Accordingly, IT IS on this 25th day of July 2014,

**ORDERED** that Plaintiff's motion for default judgment is GRANTED, and it is

**ORDERED** that judgment is hereby entered against PROFILE LAMPS, INC. t/a PROFILE HOME in favor of FUZHOU RIRONG IMPORT & EXPORT CO., LTD in the total amount of $105,602.70, plus prejudgment interest from February 1, 2011 and post-judgment interest that became due since Plaintiff filed its motion; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**
